Raymond J. **DONOVAN**, Secretary of Labor, United States Department of Labor, et al., Plaintiffs,

v.

**GEORGIA SOUTHWESTERN COLLEGE, et al., Defendants.**

**Civ. A. No. 78–4–AMER.**

United States District Court, M.D. Georgia, Americus Division.

March 1, 1984.

---

Carin Ann Clauss, Sol. of Labor, Atlanta, Ga., Murray A. Battles, U.S. Dept. of Labor, Birmingham, Ala., James D. Macy, E.E.O.C., Atlanta Dist. Office, Atlanta, Ga., for plaintiffs.

George P. Shingler, Asst. Atty. Gen., Atlanta, Ga., for defendants.

OWENS, Chief Judge:

This civil action has been pending in this court since February 14, 1978. At the present time one final issue remains unresolved: whether Dr. Max McKinney should be reinstated as Chairman of the Math Department in the Division of Arts and Sciences at Georgia Southwestern College.

In its opinion of May 14, 1980, this court expressly found that "Dean Johnson's removal of Dr. Max McKinney as [Chairman] of the Math [Department] was in direct retaliation for the complaints made by [his wife] Dr. Jacqueline McKinney respecting female teachers being paid less than male teachers who performed substantially equal work in terms of skill, effort, and responsibility." *Marshall v. Georgia Southwestern College,* 489 F.Supp. 1322, 1329. This court further found that Dr. Max McKinney's position was protected by 29 U.S.C.A. § 215(a)(3) to the same extent as his wife's position and that defendants' actions in retaliating against Dr. Max McKinney constituted a violation of that statute.[1]

29 U.S.C.A. § 216(b) specifies the penalties which may be imposed by the court for an employer's violating the terms of § 215(a)(3). The code section provides in pertinent part that:

> Any employer who violates the provisions of section 215(a)(3) of this title shall be liable for such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of this title, including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages.

29 U.S.C.A. § 216(b).

In its order of December 6, 1983, disposing of the issue of back wages, this court inadvertently failed to address the issue of Dr. Max McKinney's reinstatement as Chairman of the Math Department. Upon being made aware of this oversight the court, in an order of December 8, 1983, announced its intention (at that time) to order the immediate reinstatement of Dr. Max McKinney to the position from which he was wrongfully removed and ordered defendants to show cause in writing why this should not be done. Both sides having responded, this one remaining issue is now ripe for disposition.

In urging that Dr. Max McKinney should not be reinstated to his former position as Chairman of the Math Department, defend-

---

1. In pertinent part 29 U.S.C.A. § 215(a)(3) makes it unlawful for any person:

    (3) to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

ants argue that: (1) the award of back wages to Dr. Max McKinney was a sufficient "reward" without the court's now ordering his reinstatement to his former position; (2) there is no longer either a Math Department (as a separate organizational entity) or a Chairman of such a department at Georgia Southwestern College; and (3) the roles of individuals who are now designated as department chairmen differ considerably from the role played by Dr. Max McKinney when he was a department chairman. Defendants further argue that to order reinstatement of Dr. Max McKinney to his former position as Chairman of the Math Department would not restore the status quo, but would single out Dr. McKinney for special treatment and consideration—guaranteeing him a lifetime job with special privileges. This court must disagree.

The court in *Goldberg v. Bama Manufacturing Corp.*, 302 F.2d 152 (5th Cir. 1962) stated that:

> Generally, in order to carry out the purposes of Section 215(a)(3) by freeing employees of the fear of economic retaliation, the discharged employee should be restored, as nearly as possible, to the same situation he would have occupied if he had not been discharged. Generally, this requires both reinstatement and reimbursement.

*Id.* at 156.

Granted Dr. Max McKinney was not discharged; however, for purposes of the statute such a distinction is immaterial. Regardless of whether Dr. Max McKinney was demoted or discharged, the fact remains that he was discriminated against in violation of 29 U.S.C.A. § 215(a)(3) and is entitled to be restored, as nearly as possible, to the position he would have occupied had he not been the victim of the unlawful discrimination.

Defendants' arguments to the contrary are wholly without merit. First, this court cannot subscribe to defendants' characterization of the back wages awarded to Dr. McKinney as a "reward." In being awarded back wages, Dr. McKinney receives nothing more than that to which he was entitled originally and would have received but for defendants' discriminatory actions. To fail to order Dr. McKinney's reinstatement to his former position would be to deny him the full relief to which he is entitled.[2]

With respect to defendants' contention that Georgia Southwestern no longer has either a Math Department or a Chairman of such a department, this is refuted by the 1982–1984 Bulletin of Georgia Southwestern College which specifically shows a Department of Mathematics as a part of the Division of Arts and Sciences and shows the department to be headed by a "Coordinator." The Bulletin further shows that the Department of Mathematics, in addition to the Coordinator, has five faculty members.

Defendants cannot seriously assert that there is no Math Department in view of what is disclosed in the Bulletin. Furthermore, any attempt to argue that the Department of Mathematics does not have a Chairman in view of the fact that it has a "Coordinator" is nothing more than an attempt to exalt form over substance. The fact that the present position of Coordinator may differ somewhat from the old position of Chairman is irrelevant—the fact remains that "Coordinator" is the present equivalent to the old position of Chairman.

In sum defendants have been unable to establish any legitimate reason which would support a decision not to reinstate Dr. Max McKinney to the present equivalent of his former position as Chairman of

2. Defendants concede that Dr. Max McKinney is both a highly respected teacher at Georgia Southwestern and a highly regarded member of the Americus community. Defendants further concede that Dr. McKinney has attained the highest professorial rank on the basis of his teaching abilities.

In short, defendants can offer no reason for Dr. McKinney's being requested to step down as chairman of the department. They urge only that his being asked to step down was not "irregular."

the Math Department. Absent such a reason, it is the responsibility of this court to restore Dr. McKinney, as nearly as possible, to the same position he was in at the time of defendants' retaliatory acts. In doing so this court cannot agree that Dr. McKinney is being singled out for special treatment and consideration or that he is being guaranteed a lifetime job with special privileges.

Accordingly, for those reasons hereinbefore stated, IT IS HEREBY ORDERED that defendants REINSTATE Dr. Max T. McKinney to the present equivalent of his former position as Chairman of the Math Department at Georgia Southwestern College.

There being no remaining issues to be considered, the clerk is hereby directed to enter a final judgment.[3]

---

**3.** In light of the fact that the court inadvertently failed to address the issue of Dr. Max McKinney's reinstatement in its order of December 6, 1983, that portion of the order providing that it was the final order of the court and directing the clerk to enter judgment was in error and is HEREBY VACATED. Likewise, the judgment entered December 6, 1983, is HEREBY VACATED.

The new judgment to be entered by the clerk will incorporate the court's previous ruling on the issue of back wages along with the present ruling on Dr. McKinney's reinstatement. Said judgment will be the final judgment for purposes of appeal.